## CUSHMAN *v.* WOOSTER.

The requisition of our statute, that, in taking depositions, when the adverse party does not attend, a copy of the notice left with him, &c., shall be annexed to the certificate of the taking thereof, is intended to be peremptory.

Hence when such notice, instead of being annexed to the certificate, was folded up with it, and both enclosed with the deposition, in an envelope properly directed to the court—*held* that the evidence of notice was insufficient and the deposition must be rejected.

When it appeared that the magistrate who took a deposition, not being a ready penman, called in a third person, who was indifferent, who wrote the answers of the witness, the magistrate being present and supervising,—*held* that the deposition might answer the requirements of the statute; but that such a practice might be liable to abuse, and should not be encouraged.

Where the submission to a referee is general, yet if he state in his report what questions of law arose before him, and his ruling upon them, and refer these matters to the court for revision, and it is found that he mistook the law, his report will be set aside.

IT appeared that Parker Cushman on one side and John Wooster and Theodore Wooster upon the other, had a controversy, that there was a civil suit and a prosecution for assault and battery on each side, and that the parties entered into an agreement in writing to submit all these matters and all costs in all suits and prosecutions to the determination of Hon. Abel Underwood. They agreed upon a time and place of hearing, and that the report of said referee be made as soon as may be to the Supreme Judicial Court, &c., and that judgment entered thereon should be final.

Said referee reported to said court, that he had heard the parties, and dismissed the complaints on each side, allowing no costs to either; that the civil suit, *John Wooster* v. *Parker Cushman*, be discontinued without costs, and that said Cushman, in his suit against both the Woosters, receive damages in the sum of $65.00, with costs of reference, &c.

The referee further reports as follows:

"Upon the hearing of said matters in controversy (which were embraced in said two suits), said Cushman's counsel offered in evidence the two depositions, herewith returned, of T. B. Dyke and Emily J. Dyke, to which said Wooster's counsel objected, for reasons assigned in his exceptions hereto annexed. It appeared the magistrate who took the depositions, not being a ready penman, called in a third person to write the answers of the witnesses, being an indifferent person, who did write them, the magistrate being present, supervising.

As to notice to the adverse party, it appeared that the copy of notice was not annexed to the certificate of taking by any adhesive matter, but the caption, copy of notice, and depositions were folded together, and returned by the magistrate in the sealed yellow envelope herewith returned. Said caption, copy and depositions are annexed. The referee overruled said objections, and received the depositions."

To the admission of the depositions of Taylor B. Dyke and Emily J. Dyke, the defendants excepted in the following words:

"1st. That it was admitted by the counsel who attended the caption on the part of the said Cushman that the answers were not written by the magistrate who purported to have taken the depositions."

"2nd. It does not appear by the caption how the adverse party was notified; it does not refer to any notice, and no notice is annexed, and the adverse party was not present."

Annexed to the report was the following affidavit, duly subscribed and sworn to:

"I, A. Underwood, depose and say that I was referee in case of *Parker Cushman* v. *John Wooster and Theodore Wooster*, and made my report, returnable to the March Term of the Supreme Judicial Court, Grafton County, N. H. 1864. I decided the case upon the facts by me

reported, according to law, as I understood it, and presented the facts in my report, with my ruling thereon, under the expectation that the court would review the questions there decided, and sustain or set aside the report, as they might consider the questions of law decided by me right or wrong.

I further say, the questions of law, decided by me, were presented and argued by counsel before me, and decided by me at the hearing, according to my best judgment of the law."

Other questions as to the admissibility of testimony were raised, which are not important to be considered. The questions thus arising were reserved for the consideration of the whole court.

*H. & G. A. Bingham*, for Cushman.

*Farr*, for Woosters.

SARGENT, J. There was no literal compliance with the provisions of the statute in regard to the notice. The magistrate is required to certify in the caption that the adverse party was or was not notified, was or was not present, &c. ; and when the adverse party does not attend it is provided that "a copy of the notice left with the adverse party, his agent or attorney, with the return of the officer or affidavit of the person leaving such notice thereon, stating the time of leaving the same, shall be annexed to the certificate of the taking thereof." Rev. Stats. chap. 188, sec. 21 ; Comp. Stats. 486.

This provision is peremptory, and we may as well dispense with any other provision of the statute in regard to the taking of the depositions, as with this which requires a copy of the notice to be *annexed* to the certificate. If it is an unimportant provision, the statute which requires it should be modified. But we consider it by no means an unimportant provision, but think that the statute has wisely made this requirement and that it must be observed. If this requirement were relaxed, there would be no limit beyond which we might not be required to go in admitting proof that such notice was properly served. Upon this point the ruling of the referee was erroneous.

Our statute authorizes justices of the peace and notaries public in this State, to take depositions. Rev. Stats. chap. 188, sec. 14 ; Comp. Stats. 486. There is no provision in the statute or in any rule of court on that subject that has any reference to the manner in which this shall be done, only that the questions shall be written by the magistrate or counsel and read to the witness by the magistrate, who shall write the answers thereto without the interference of either party.

But the case finds that the person called in to write the answers in this case, was an indifferent person who wrote the answers of the witnesses, the magistrate being present, supervising. Was that a compliance with the provisions of the statute and of the rule of court?

It is stated in *Kidder* v. *Prescott*, 24 N. H. 267, as a well settled principle, "that an act done by one in the presence and under the control

of another, for that other, is regarded not as the exercise of a delegated authority, but as the personal act of the party in whose behalf it was performed." This is recognized in *The People* v. *Smith*, 20 Johns. 62 ; 2 Greenl. Evi. 295 ; *Rex* v. *Longnor*, 4 B. & Ad. 647.

Therefore, if the signature of the obligor's name is made upon a deed or obligation by a stranger in his presence and at his request it is a sufficient signing. And so it was held that a writ, which the statute requires to be signed by a justice of the peace, cannot be properly signed by another for him even though expressly authorized to sign writs generally, or even to sign that particular writ in question, unless it is so signed in the presence and by the direction of the magistrate. But when thus signed in his presence and by his direction it would be a good signing by the magistrate.

So it might be, if the magistrate were present all the time, superintending and controlling the caption of a deposition, deciding all questions that required the exercise of any discretion, he might have a clerk to do just the manual labor of writing down the answers to the questions as read to the witness, or who should read the questions to the witness by the magistrate's direction and in his presence, and if any question arose as to what the witness said, the magistrate deciding that question and directing his clerk what to write, and have the deposition so taken as to meet the requirements of the law.

But such a practice would be attended with inconvenience, and would be liable to great abuse, could not often be necessary, and should not be encouraged.

But we are asked to sustain the award in this case on the ground that the submission is general, and because in such cases the referee has authority to decide all questions of law and of fact, and that when he thus decides upon questions that are raised and discussed before him, his decision is final and conclusive, and we are referred by plaintiff's counsel to *White Mountains Railroad* v. *Beane*, 39 N. H. 107, as an authority.

There is no doubt but that this is good authority, but it does not apply to the case before us. Where the submission is general, and the referee undertakes to decide all matters of law and of fact without saving any exceptions or referring any question to the court for their revision, then, though the referee may have made a mistake either of law or of fact, if it was a question which was discussed before him and considered by him, and one which he deliberately undertook to decide, his decision will be final. *Bean* v. *Wendell*, 22 N. H. 582.

But this is not in conflict with the well settled doctrine, that, if the referees intending to decide according to law, mistake the law and refer the same to the court for revision by an express reference, or impliedly, by stating specially the principles upon which they have acted, the award will be set aside, not for want of authority in the referees to decide against law, but for the reason that the award is not such as the referee intended to make. *Johnson* v. *Noble*, 13 N. H. 286, and cases cited ; *Severance* v. *Hilton*, 32 N. H. 289.

In the case before us, notwithstanding the question was discussed, the

referee did not undertake to decide it conclusively, settling both the law and the fact, as he might have done ; but, in the affidavit annexed to the report, he expressly refers the whole matter to the court, and says that he presents the facts in his report and his ruling thereon, "expecting that the court would review the questions there decided, and sustain or set aside the report as they might consider the questions of law decided by me right or wrong." A plainer case could not well be stated.

The award is therefore set aside.